**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES SALANITRO,

        Plaintiff,

vs.                                             Case No. 3:10-cv-363-J-32JBT

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT,
RETIREMENT OPERATIONS DIVISION,

        Defendant.

## **ORDER**

Plaintiff, James Salanitro, proceeding pro se, filed an amended complaint against Defendant, the United States Office of Personnel Management ("OPM"). (Doc. 12). Defendant filed a Motion to Dismiss and/or Judgment on the Pleadings.[1] (Doc. 24). Plaintiff then filed an objection to Defendant's motion (Doc. 25) and has supplemented his arguments in recent Notices. (Docs. 27 & 29).

---

[1] Procedurally, a defendant may move for judgment on the pleadings pursuant to Rule 12(c) to raise a Rule 12(b)(6) defense for failure to state a claim upon which relief may be granted, so long as the 12(b)(6) defense was raised in the answer. See Fed. R. Civ. P. 12(h)(2) (providing that the Rule 12(b)(6) defense of failure to state a claim upon which relief can be granted may be raised in an answer or by motion for judgment on the pleadings pursuant to Rule 12(c)); Whitehurst v. Wal-Mart Stores East, L.P., No. 07-15794, 2008 WL 5062325, at *2 (11th Cir. Dec. 2, 2008) (construing a party's Rule 12(b)(6) motion as a Rule 12(c) motion where the 12(b)(6) defense had been raised in the defendant's answer) (citing Byrne v. Nezhat, 261 F.3d 1075, 1093 n. 35, 1096 n. 46 (11th Cir. 2001)). In this case, Defendant raised a 12(b)(6) defense in its answer. (Doc. 16 at 6).

**I. STANDARD OF REVIEW**

    **A. Rules 12(c) and 12(b)(6)**

"When a motion filed pursuant to Fed. R. Civ. P. 12(c) raises a Fed. R. Civ. P. 12(b)(6) defense, the court should apply the same standard used to evaluate a . . . 12(b)(6) motion." Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc., 932 F. Supp. 290, 291 (S.D. Fla. 1996). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "While a complaint attacked by a . . . 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations, quotation marks, and brackets omitted). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. Additionally, a FOIA claim may be dismissed pursuant to Rule 12(b)(6) if the plaintiff has failed to exhaust administrative remedies prior to seeking judicial review. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

    **B. Rule 12(b)(1)**

A complaint should be dismissed where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction can be attacked facially or factually. Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for

the purposes of the motion." Id. at 1529 (brackets and quotation marks omitted).  In this case, the OPM is facially challenging the Court's subject matter jurisdiction.  Therefore, accepting Plaintiff's allegations as true, the Court will determine whether Plaintiff has sufficiently alleged a basis of subject matter jurisdiction.

## II. FACTUAL BACKGROUND[2]

Plaintiff worked for the Social Security Administration ("SSA") as a Social Insurance Specialist for twenty five years.  (Doc. 12 at 10, 12).  Plaintiff retired from the SSA under the Civil Service Retirement System ("CSRS") on December 30, 1997.  (Id. at 4, 24).  Since retiring in 1997, Plaintiff received a cost of living adjustment ("COLA") every year up through 2009.  (Id. at 11, 27).  On December 29, 2009, the Office of Personnel Management ("OPM") notified Plaintiff that "no cost of living increase was payable in 2010."  (Id. at 4-5 ¶ 5).  Specifically, the Notice of Annuity Adjustment stated that

> [a]nnuities are increased for cost-of-living adjustment . . . based on the criteria in Title 5, U.S. Code, Sections 8340(B) and 8462(B).  The consumer price index [("CPI")] for the quarter ending September 30, 2009 did not increase when compared with the same index for the third quarter in 2008.  Therefore, no COLA is payable in 2010.

(Id. at 31, upper right).  As a result of this notice, Plaintiff "contacted OPM via telephone [on three separate occasions] and requested the complete copies of the criteria/words as contained in . . . sections 8340(B) and 8462(B)."  (Id. at 26).  Plaintiff did not receive a response to his telephonic requests.  (Id. at 7).

---

[2] Plaintiff has alleged the following facts.  The Court will accept them as true and construe them in the light most favorable to Plaintiff.

On March 11, 2010, Plaintiff sent a Freedom of Information Act ("FOIA") request to the "Office of Personnel Management, Retirement Operations Center, P.O. Box 45, Boyers, Pennsylvania 16017-0045." (Id. at 25-26). The OPM received the request on March 15, 2010. (Id. at 9, 25). In his letter, Plaintiff requested the "complete copies of the criteria/words contained in . . . sections 8340(B) and 8462(B) [of the U.S. code]" and "the applicable law and regulation concerning the [CPI] itself, and the effective date the [CPI] was changed." (Id. at 26-27). Plaintiff did not receive a response to his FOIA request within the twenty-day specified time frame. (Id. at 8).

In his amended complaint, Plaintiff first alleges that the OPM "willfully violated the [FOIA] by withholding pertinent legally available, fully disclosable[sic] information in [its] possession." (Id. at 2-3 ¶ 3). Secondly, Plaintiff alleges that the OPM "illegally withheld [his 2010] cost of living increase" and "seeks the restoration of the annual cost of living increase that is legally due." (Id. at 3 ¶¶ 3-4). Finally, Plaintiff alleges that the OPM violated his "constitutionally protected rights guaranteed under the [Fourth] and [Fifth] [A]mendments to the Constitution." (Id. at 16 ¶ 16). In support of this allegation, Plaintiff states that the "withholding of the cost of living increase . . . [was] in fact confiscation of property without due process of law[,] and that [said] confiscation . . . [was] arbitrary, capricious, and totally illegal and therefore . . . an 'unreasonable seizure.'" (Id. at 19 ¶ 19). Plaintiff's allegations are addressed in turn.

### III. DISCUSSION

#### A. FOIA Violation

Plaintiff alleges that the OPM "willfully violated the [FOIA] by withholding pertinent legally available, fully disclosable[sic] information in [its] possession." (Id. at 2-3 ¶ 3). The OPM argues that Plaintiff has failed to exhaust administrative remedies, and has therefore failed to state a claim upon which relief can be granted. (Doc. 24 at 8).

##### *i. Exhaustion of Administrative Remedies*

"The [FOIA] confers jurisdiction on the district courts 'to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld.'" U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (citing 5 U.S.C. § 552(a)(4)(B) (2010)). Under section 552(a)(4)(B), "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." Tax Analysts, 492 U.S. at 142.

However, prior to filing suit in district court, a party is generally required to exhaust all administrative remedies. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990). The "FOIA provides for two different types of exhaustion, actual and constructive." Taylor, 30 F.3d at 1368. "Actual exhaustion occurs when the agency denies all or part of a party's document request." Id. "The FOIA specifically provides for an administrative appeal process following an agency's denial of a FOIA request." Oglesby, 920 F.2d at 61; 5 U.S.C. § 552(a)(6)(A) (2011). "Courts

have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts." Oglesby, 920 F.2d at 61.

"Constructive exhaustion occurs when certain statutory requirements are not met by the agency." Taylor, 30 F.3d at 1368.  Specifically, FOIA states that "any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions."  5 U.S.C. § 552(a)(6)(C)(i).  With respect to time limit provisions, FOIA provides that "each agency . . . shall determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination."  Id. § 552(a)(6)(A)(i).  The OPM regulations provide for a shorter period:  absent unusual circumstances, "OPM will determine whether to disclose or deny records within 10 working days after receipt of the request."  5 C.F.R. § 294.108(f) (2011).

It would appear that Plaintiff is arguing that he constructively exhausted the administrative remedies because OPM failed to comply with the applicable time limit provisions when Plaintiff did not receive a response from OPM "to any request within the [twenty day] specified time [period]."  (Doc. 12 at 8).  However, "where a requester fails 'to follow the procedures set forth in the agency regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies.'" Von Grabe v. U.S. Dep't of Homeland Sec., No. 6:09-cv-2162-Orl-31GJK, 2010 WL 3516491, at *4 (M.D. Fla. Sept. 3, 2010) (finding "von Grabe never made a proper request . . . because he never sent a request to the proper [DHS] office as identified in DHS's regulations")

(quoting Kessler v. United States, 899 F.Supp. 644, 645 (D.D.C. 1995) (finding Mr. Kessler failed to exhaust his administrative remedies because he did not submit a request to the proper IRS office as identified in IRS's regulations), aff'd 2011 WL 2565246 (11th Cir. June 29, 2011).

### *ii. Submission of Proper FOIA Request*

FOIA provides that absent exceptions, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is *made in accordance with published rules* stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (emphasis added). The published OPM regulations provide that requests for records should be addressed "to the appropriate official using the official's title and the following address: Office of Personnel Management, 1900 E Street, NW., Washington, DC 20415." 5 C.F.R. § 294.107. The regulations further provide that "OPM will not officially consider any request to be received until it arrives in the OPM organization that has responsibility for the records sought." Id.

Plaintiff submitted a FOIA request to the "Office of Personnel Management, Retirement Operations Center, P.O. Box 45, Boyers, Pennsylvania 16017-0045." (Doc. 12 at 25-26). The OPM received this request on March 15, 2010. (Id. at 9, 25). However, Plaintiff's request was not a proper FOIA request because he failed to follow the OPM regulations, which state that FOIA requests should be sent to the "Office of Personnel Management, 1900 E Street, NW., Washington, DC 20415." Since Plaintiff failed to submit a proper FOIA request by not sending the request to the proper OPM office as identified in the OPM's regulations, he has failed to exhaust his administrative remedies, and therefore

failed to state a claim upon which relief can be granted.

### *iii. Alternative Form of Access to Requested Information*

Assuming Plaintiff had in fact submitted a proper FOIA request, the OPM would not have been required to respond if it had provided an alternative form of access to the requested information. FOIA states both what materials an agency must publish in the Federal Register and what information an agency "must make available for public inspection and copying." 5 U.S.C. § 552(a)(1)-(2). However, an agency is not required to make available materials that have already been disclosed pursuant to subsections (a)(1) and (a)(2). Id. § 552(a)(3)(A). Furthermore, "an agency [is not required to] respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access." Tax Analysts v. U.S. Dep't of Justice, 845 F.2d 1060, 1065 (D.C. Cir. 1988), aff'd, U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136 (1989); see Crews v. Internal Revenue, No. CV 99-8388 CBM (RCX), 2000 WL 900800, at *6 (C.D. Cal. Apr. 26, 2000) ("The IRS has also produced documents that are publicly available either in the IRS reading room or on the internet, and thus not subject to production via FOIA requests.").

Here, the information Plaintiff requested is the language of the statute referenced in the Notice of Annuity Adjustment and the regulations and figures upon which the CPI was calculated. The OPM would not have been required to respond to Plaintiff's request because such information had already been disclosed within the meaning of 5 U.S.C. § 552(a)(1)-(2). Even assuming, *arguendo*, that the materials were "agency records," OPM would not have been required to respond to Plaintiff's FOIA request because it provided an alternative form

of access to the information requested, such as through the internet.[3]  Thus, Plaintiff's FOIA violation claim fails as a matter of law.

### B.  COLA Claim

Plaintiff next alleges that the OPM "illegally withheld [his 2010] cost of living increase" and "seeks the restoration of the annual cost of living increase that is legally due." (Doc. 12 at 3 ¶¶ 3-4).  The OPM argues that this Court lacks subject matter jurisdiction because "jurisdiction of [Civil Service Retirement Act ("CSRA")] claims rests with the United States Court of Appeals for the Federal Circuit."  (Doc. 24 at 16).

Plaintiff's retirement benefits are determined pursuant to the CSRA, 5 U.S.C. §§ 8331-8351 (2011).  (Doc. 12 at 4, 24).  "The [OPM] is granted jurisdiction to administer [and adjudicate all claims arising under] the [CSRS.]" Keira v. United States, No. 09-11038, 2009 WL 3336683, at *1 (11th Cir. Oct. 19, 2009); 5 U.S.C. § 8347(a)-(b).  "[A]n [OPM] administrative action or order [arising under the CSRS, which] affect[s] the rights or interests of an individual[,] . . . may be appealed to the Merit Systems Protection Board [("MSPB")]." 5 U.S.C. § 8347(d)(1).  Except in cases of discrimination, appeals of final orders or decisions of the MSPB shall be filed in the United States Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over such appeals.  Id. § 7703(b)(1); 28 U.S.C. § 1295(a)(9);

---

[3] The OPM provides information on the COLA on its website: www.opm.gov/retire/faq/post/faq18.asp.  Information on the CPI can be found on the Department of Labor, Bureau of Labor Statistics' website: www.bls.gov/cpi/.  Plaintiff states that he "has no practical knowledge of the internet and is not required to."  (Doc. 25 at 19). The Jacksonville and St. Johns County public libraries provide classes ranging from personal computer basics to introductory classes to the internet and email.  The public library also provides free public access to the internet to all library card holders.

Lindahl v. Office of Personnel Mgmt., 470 U.S. 768, 775 (1985) ("[T]he Federal Circuit now has exclusive jurisdiction 'of an appeal from a final order or final decision' of the Board pursuant to, *inter alia*, 5 U.S.C. § 7703(b)(1)[;] 28 U.S.C. § 1295(a)(9).").

Since Plaintiff is challenging the OPM's determination that he was not entitled to a COLA in 2010, he must first bring such a claim before the OPM, and if unsuccessful, file an appeal before the MSPB.[4] Finally, if Plaintiff wishes to appeal the MSPB decision, he must do so in the Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over such appeals. For these reasons, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's COLA claim.

### C. **Fourth and Fifth Amendment Violations**

Finally, Plaintiff alleges that the OPM violated his "constitutionally protected rights guaranteed under the [Fourth] and [Fifth] [A]mendments to the Constitution." (Doc. 12 at 16 ¶ 16). In support of this allegation, Plaintiff states that the "withholding of the cost of living increase . . . [was] in fact confiscation of property without due process of law[,] and that [said] confiscation . . . [was] arbitrary, capricious, and totally illegal and therefore . . . an 'unreasonable seizure.'" (Id. at 19 ¶ 19).

---

[4] Plaintiff states that one "cannot unilaterally take a case before the MSPB without union concurrence." (Doc. 25 at 5). MSPB regulations provide that "[o]nly an appellant, his or her designated representative, or a party properly substituted . . . may file an appeal." 5 C.F.R. § 1201.24(a) (2011). The regulations do not mention "union concurrence." Furthermore, cases referring to the MSPB appeals process do not mention "union concurrence." See Keira v. United States, No. 09-11038, 2009 WL 3336683, at *1 (11th Cir. Oct. 19, 2009); Young v. United States, No. CIV. A. 00-0336-RV-S, 2001 WL 228170, at *3 (S.D. Ala. Feb. 16, 2001).

"To have a property interest in a benefit [protected by procedural due process], a person . . . [must] have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). "Property interests . . . are not created by the Constitution. Rather[,] they are created and their dimensions are defined by existing rules or understandings that stem from an independent source . . . ." Id. Retirees, however, do not have a constitutionally protected property interest in future COLA benefits. See Zucker v. United States, 758 F.2d 637, 638-39 (Fed. Cir. 1985) ("Although . . . retirees may have a protected property interest when they are entitled to immediate payment under existing law, *i.e.*, the payment of an annuity upon retirement, their entitlement to any post-retirement increases in that annuity stems from the independent source that creates and defines their property interest in same, *i.e.*, the COLA provision of the Civil Service Retirement Act, 5 U.S.C. § 8340. Until a retiree becomes eligible to receive a particular COLA, his or her right to that adjustment is subject to any lawful changes made to the section (5 U.S.C. § 8340) from which the claim to entitlement arises.").

Since Plaintiff does not have a constitutionally protected property interest in the 2010 COLA, Plaintiff's Fifth Amendment due process claim cannot stand.

With respect to Plaintiff's Fourth Amendment violation, "[a] 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." United States v. Jacobsen, 466 U.S. 109, 113 (1984). As Plaintiff does not have a constitutionally protected property interest in the COLA, Plaintiff cannot assert that his possessory interests in that COLA have been interfered with. Therefore, Plaintiff's Fourth Amendment claim is without merit.

Accordingly, for the reasons stated, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 24) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED without prejudice** as to his FOIA and COLA claims and **with prejudice** as to his Fourth and Fifth Amendment claims.

2. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of July, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

a.
Copies:

counsel of record
pro se plaintiff